UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-20991-CIV-O'SULLIVAN
[CONSENT]

OSCAR BERMUDEZ RODRIGUEZ,
     Plaintiff,

v.

DEMOLITION KING, INC., and GUILLERMO
GONZALEZ, individually,
     Defendants.
_____/

## <u>ORDER</u>

THIS MATTER is before the Court on the Plaintiff's Motion for Entitlement to An Award of Attorneys' Fees and Costs (DE # 76, 2/27/15), the Defendant's Motion to Strike Plaintiff's Motion for Entitlement to an Award of Attorneys' Fees and Costs and/or Opposition to Plaintiff's Motion for Entitlement to an Award of Attorneys' Fees and Costs (DE # 93, 4/30/15), and the Plaintiff's Verified Motion for Reasonable Attorneys' Fees and Costs (DE # 97, 5/1/15).  The parties jointly consented to Magistrate Judge jurisdiction on all matters pursuant to 28 U.S.C. §636(c), (DE# 28, 5/22/2014). This matter was reassigned to the undersigned by Judge Moreno, United States District Court for the Southern District of Florida, on May 29, 2014, pursuant to 28 U.S.C. §636(c). (DE # 30, 5/29/14).

On April 30, 2015, the defendant filed an Opposition to the Plaintiff's Motion for Entitlement to an Award of Attorneys' Fees and Costs (DE # 93, 4/30/15).  Also on April 30, 2014, the plaintiff filed his response to the Motion to Strike (DE # 94, 4/30/15).  On June 17, 2015, the plaintiff filed a Notice of Filing in Support of Plaintiff's Verified Motion for Reasonable Attorneys' Fees and Costs (DE # 102, 6/17/15) and a Supplemental

Notice of Filing in Support of Plaintiff's Verified Motion for Reasonable Attorneys' Fees and Costs (DE # 103, 6/17/15).  On June 17, 2015, the defendant filed the Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees and Costs (DE # 105, 6/17/15).  The plaintiff filed the Reply for Attorneys' Fees and Costs on June 19, 2015, (DE # 106, 6/19/15).  Having carefully considered the filings and law, the undersigned issues the following Order **GRANTING** the Plaintiff's Motion for Entitlement to An Award of Attorneys' Fees and Costs (DE # 76, 2/27/15).  The undesigned further issues the following Order **DENYING** the Defendant's Motion to Strike Plaintiff's Motion for Entitlement to an Award of Attorneys' Fees and Costs (DE # 93, 4/30/15),  because the plaintiff complied with the Local Rules when filing his Motion for Entitlement to Attorneys Fees. The undersigned also issues the following Order **GRANTING in part and DENYING in part** the Plaintiff's Verified Motion for Reasonable Attorneys' Fees and Costs (DE # 97, 5/1/15).

## BACKGROUND

The plaintiff sued the defendants in this matter for violations of the Fair Labor Standards Act.  (DE # 1, 3/17/14).  The Court conducted a jury trial in this matter, and the jury awarded the plaintiff $6,000.00 in unpaid overtime wages.  (DE # 71, 2/18/15). Liquidated damages were granted and an Amended Final Judgment in the amount of $12,000.00 was entered in favor of the plaintiff and against the defendants on March 9, 2015.  (DE # 80, 3/9/15).

## ANALYSIS

### I. Plaintiff's Costs

The plaintiff seeks costs pursuant to 28 U.S.C. § 1920 and 29 U.S.C. § 216(b). 28 U.S.C. § 1920 sets out the specific costs that may be recovered. 29 U.S.C. § 216(b) directs the Court to award costs to the prevailing party in an action brought under the Fair Labor Standards Act. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. FED.R.CIV.PRO. 54(d)(1). A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Accordingly, "[a]n enforceable judgment establishes a plaintiff as a prevailing party because the plaintiff has received at least some relief based upon the merits of a claim." *Id.* Here, the plaintiff prevailed, attaining a jury verdict in his favor, and is entitled to recover reasonable costs.

Specific costs, which may be awarded, are set forth in 28 U.S.C. § 1920, stating:

A judge or clerk of any of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained

3

for use in the case;

(5) Docket fees under §1923 of this title;

(6) Compensation of court appointed experts, compensation

of interpreters, and salaries, fees, expenses, and costs of

special interpretation services under §1828 of this title.

28 U.S.C. §1920.  In the exercise of sound discretion, trial courts are accorded great

latitude ascertaining taxable costs. However, in exercising its discretion to tax costs,

absent explicit statutory authorization, federal courts are limited to those costs

specifically enumerated in 28 U.S.C. § 1920.  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d

600, 620 (11th Cir. 2000).  Here, the plaintiffs may only recover those costs they are

entitled to recover under 28 U.S.C. §1920.  In the Plaintiffs' Motion, the plaintiff seeks to

recover a total of $3,633.88 in costs. The plaintiff seeks to recover costs under 28

U.S.C. § 1920 in the amount of $2,856.99, and seeks to recover other costs in the

amount of $776.89, in a section in the motion that the plaintiff titles "[t]he supplemental

fees/costs award".  In support of the request for supplemental fees/costs award, the

plaintiff argues that those costs should be taxed against the defendants as fees

because the expenses would "normally be borne by fee-paying clients."  (Plaintiff's

Verified Motion for Reasonable Attorneys' Fees and Costs (DE # 97, 5/1/15, at p.8).  In

support of his argument, the plaintiff cites to a COBRA case, styled, <u>Evans v. Books-A-</u>

<u>Million</u>, 762 F.3d 1288, 1299 (11th Cir. 2014), in which the Court considered whether

costs such as mediation fees and parking fees should be taxed against a losing

defendant, as expenses that were necessary to the case.  The plaintiff has failed to cite

any Fair Labor Standard Act cases that allowed supplemental costs.  The undersigned

4

finds that in this matter, a Fair Labor Standards Act case, the only costs that the plaintiff may recover, are those costs that are permitted under 28 U.S.C. § 1920.  The costs award to the plaintiff is outlined below.

A. Fees of the Clerk and Marshal

Pursuant to 28 U.S.C. § 1920(1), the plaintiffs seek to recover $400.00 in filing fees, and $90.00 in service of process fees, for a total of $490.00 in costs associated with fees of the Clerk and Marshal.  "Private process server fees may be taxed."[1] *W&O*, 213 F. 3d at 623.  Filing fees and service of process fees are proper under the statute, the amounts requested by the plaintiff are reasonable, and the undersigned finds that the plaintiff is entitled to receive **$490.00** for these costs.

B. Court Reporter and Transcript Fees

The plaintiffs request reimbursement in the amount of $1,206.99 for deposition and transcript fees.  These costs are permitted under 28 U.S.C. §1920(2) if the printed or electronically recorded transcripts were *necessarily* obtained for use in the case. *Nat'l Bancard Corp., etc. v. Visa U.S.A., Inc.*, 112 F.R.D. 62 (S.D.Fla. 1986). The amount requested for these costs is reasonable and the plaintiff sufficiently demonstrates that the transcripts were necessarily obtained for use in the case. The undersigned finds that the plaintiff is entitled to recover **$1,206.99** for these costs.

C. Interpreter Fees

Pursuant to 28 U.S.C. §1920(6), the plaintiff requests $1,160.00 in costs for interpreter fees.  Costs associated with interpreters may be recovered under 28 U.S.C.

---

[1] The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

§1920(6). *Martinez-Pinillos v. Air Flow Filters, Inc.*, 2010 WL 6121708 (S.D.Fla. 2010). The defendants agreed to the use of the interpreting firm used by the plaintiff. The undersigned finds that this cost is recoverable and reasonable, and that the plaintiff is entitled to recover **$1,160.00** for these costs.

D. Other Costs

The plaintiff seek to recover $776.89 for parking costs, postage costs, case-specific supplies costs, mediation costs, and post judgment expenses. As discussed above, the undersigned finds that the plaintiff is only entitled to recover those costs that are specifically outlined in 28 U.S.C. § 1920. None of the costs listed in this "Other Costs" section are permitted under 28 U.S.C. § 1920, and the undersigned finds that the plaintiff should not recover any monetary amount for these costs.

In accordance with the foregoing, the undersigned awards a total of **<u>$2,856.99</u>** in costs to the prevailing plaintiff in this matter.

**II. Attorney's Fees**

A. Entitlement to Attorney's Fees

The Fair Labor Standards Act provides for the recovery of attorney's fees for a prevailing plaintiff. *See* 29 U.S.C. §216(b). The jury returned a verdict in favor of the plaintiff in this matter, the plaintiff is the prevailing party, and the plaintiff is entitled to recover a reasonable attorneys' fee in this matter.

B. Amount of Fee Award

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate

amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  *See Henesley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee.  *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

### 1. Reasonable Hourly Rate

The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  *Blum*, 465 U.S. at 896.  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (*citing Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala.

1993)).

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  *Norman,* 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony are inadequate.  *Id.* at 1303 (*citing Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976)). The plaintiff requests an hourly rate of $400.00 for Brian H. Pollack, Esq., and $95.00 for the paralegal, Ms. Acuna (DE# 97, 5/1/15).

While the undersigned recognizes that Mr. Pollack is a skilled attorney, the undersigned finds that an hourly rate of $400.00 per hour is too high of an hourly rate for this typical Fair Labor Standards Act case, and further finds that an hourly rate of $350.00 per hour is more appropriate for an attorney of Mr. Pollack's experience in this Fair Labor Standards Act case.  The undersigned finds that an hourly rate of $95.00 for the paralegal in this matter is reasonable.  In a Report and Recommendation entered by Judge Torres in the Southern District of Florida on January 10, 2013, Judge Torres found a rate of $100.00 per hour to be reasonable for a paralegal (DE# 132, in 11cv23916). The Report and Recommendation was adopted by Judge Moore on February 8, 2013 (DE# 135, in 11cv39116).  The undersigned finds that the requested rate of $95.00 per hour for paralegal services is a reasonable rate and the plaintiffs should recover $95.00 per hour for paralegal services.

2. <u>Hours Reasonably Expended</u>

The Court must next evaluate the plaintiffs' requested fee for reasonableness in

terms of the total hours expended by plaintiffs' counsel.  In the motion, the plaintiffs request reimbursement for 161.20 hours for the work done by Brian Pollack, Esq., in this matter, and 29.6 hours for the work done by the paralegal, Cynthia Acuna, in this matter. The plaintiff supports his motion by submitting an itemized time sheet.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  *See Norman*, 836 F.2d at 1301-02. Hours deemed to be "excessive, redundant, or otherwise unnecessary" should be excluded. *Id*.  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  It is necessary for attorneys to identify the subject matter of his/her time expenditures.  *Hensley,* 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded.  *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985); *see also Loper v. New York City Police Dep't,* 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested"). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001).  Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced."*Id.* at 808.

In the instant case, after careful review of the time records, the undersigned finds that the hours spent by both Mr. Pollack and Ms. Acuna in this matter are reasonable. The defendant objects to the amount of time spent by plaintiff's counsel saying that it "is clearly excessive for a case that is not complex, presented no unique challenges, and resulted in modest recovery."  Defendant's Opposition to Plaintiff's Motion for Attorneys Fees and Costs (DE # 105, 6/17/15, at 8).  The defendant also argues that "the hours clearly exceed what was required to represent Plaintiff in a routine FLSA matter."  Id, at 9.  The defendant requests this Court reduce the hours spent by plaintiff's by half.  Id. The undersigned finds that counsel's work was reasonable and necessary in this matter, and that the plaintiff should recover 161.2 hours at a rate of $350.00 per hour for the work done by Mr. Pollack, for a total award for Mr. Pollack's work in the amount of $56,420.00.  The undersigned further finds that the plaintiff should recover 29.6 hours at a rate of $95.00 per hour for the work done by Ms. Acuna, for a total award for Ms. Acuna's work in the amount of $2,812.00.  The $56,420.00 award for Mr. Pollack's work, plus the $2,812.00 award for Ms. Acuna's work, totals $59,232.00.

In accordance with the foregoing, the undersigned finds that the plaintiffs are entitled to a total fee award of **$59,232.00**.

In accordance with the forgoing order, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Entitlement to An Award of Attorneys' Fees and Costs (DE # 76, 2/27/15) is **GRANTED**, the Defendant's Motion to Strike Plaintiff's Motion for Entitlement to an Award of Attorneys' Fees and Costs (DE # 93, 4/30/15) is **DENIED**, and the Plaintiff's Verified Motion for Reasonable

10

Attorneys' Fees and Costs (DE # 97, 5/1/15) **GRANTED in part and DENIED in part**.

It is further

ORDERED AND ADJUDGED that the plaintiff is awarded **$2,856.99** in costs and **$59,232.00** in fees for a total cost and fee award of **$62,088.99**.

The Court will enter a judgment in favor the plaintiffs as to the attorney's fees and costs in the total amount of **$62,088.99**.

DONE AND ORDERED, in Chambers, at Miami, Florida this 30th day of June, 2015.

_____
JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record